QUESTION:
Can the Broward County Commission lawfully submit to binding arbitration in an interlocal agreement between Broward County and the City of Hollywood?
SUMMARY:
In the absence of express legislative authority, a county may not enter into an interlocal agreement which contains a provision requiring or authorizing compulsory or binding arbitration.
The interlocal agreement in question between Broward County and the City of Hollywood was apparently entered into pursuant to Ch.163, F.S., the Florida Interlocal Cooperation Act of 1969, which permits local governmental units to jointly exercise powers which are shared in common and which could be exercised separately.
It is without question that it is within the power of the legislature to provide for binding or compulsory arbitration. See 81 C.J.S. States s. 211. The question, then, is whether such authority has been granted to the counties by the legislature. If authority to enter into a binding arbitration agreement is not found within existing law, then, a fortiori, a county may not, by interlocal agreement, provide for the delegation of such power.
Section 125.01, F.S., which relates to the powers and duties of counties, does not grant any power to the board of county commissioners to engage in or agree to binding arbitration or to delegate any powers granted therein to any other agency or officer, public or private.
The Florida Arbitration Code, Ch. 682, F.S., refers only to parties to an arbitration agreement. See ss. 682.02-682.22. The statute does not refer to or make the law applicable to political subdivisions of the state. The reference to "parties" in s. 682.02
does not include the state and its agencies unless a legislative intent to include them is clearly manifest therein, i.e., as where the term party, person, etc., is expressly so defined by the statute to include the state or political subdivisions thereof. See City of Saint Petersburg v. Carter, 39 So.2d 804 (Fla. 1949). Accord: Attorney General Opinions 045-341 and 068-10. Since the term parties is not defined by the statute, I must conclude that Ch. 682 is not applicable to the state or its political subdivisions and, therefore, affords no legal basis for the inclusion of a binding arbitration clause within an interlocal agreement.
Likewise, ss. 163.01-163.03, F.S., do not specifically refer to arbitration and in no way can they be said to authorize compulsory or binding arbitration.
Interlocal agreements may not relieve counties of any obligations imposed by law, except as to the timely performance of any such obligations or responsibilities, see s. 163.01(9)(b), F.S., nor may they interfere with the application of any other law. Section163.01(14). Additionally, s. 163.01(15) specifically states that this section ". . . shall not be deemed to authorize the delegation of the constitutional or statutory duties of state, county or city officers." Generally, the governmental powers of a county involving judgment and discretion cannot be delegated to another agency or person. Crandon v. Hazlett, 26 So.2d 638 (Fla. 1946).
Insofar as any claim arising from an arbitration award is concerned, s. 95.08, F.S., requires that such claim be presented to the board of county commissioners within one year from the time the claim became due, or else it is barred. The allowance or disallowance of such claim is a statutory duty which cannot be delegated by the board of county commissioners.
Sections 28.12 and 125.17, F.S., designate the clerk of the circuit court as the clerk and accountant for the board of county commissioners, and he is charged with the duty of keeping the board's accounts.
Moreover, since the county is immune from suit, it is difficult to ascertain how an arbitration award, even if confirmed by an appropriate court, could be executed on or against county-owned property. Even assuming that a county's sovereign immunity could be waived to allow arbitration awards, it is doubtful that such could validly be accomplished by contract. A county may not, by contract, abrogate or delegate any of its governmental discretions, duties, or powers for a fixed term of years.